Certiorari to the Sessions of the Peace of Philadelphia county, to remove all proceedings on a petition to open a street, between the end of New Market street and the beginning of Budd street, in the Northern Liberties of Philadelphia.

The act of 3d April 1804, respecting streets and alleys in the Northern Liberties and Southwark, alters and supplies the act of 6th April 1802; that the same shall not be deemed highways before compensation is made to the owner of the ground.

On inspection of the records, it appeared, that a petition had been presented to the September sessions 1803, praying for the continuation of New Market street to Budd street, upon which viewers had been appointed.    In December sessions following, the viewers reported, that the road prayed for was necessary for the public utility.    In March sessions 1804, a review was ordered upon a petition ; and in September sessions following, no report having been made on the order of review, the original return was confirmed by the court, who ordered the street to be opened.

Mr. Morgan, who was opposed to the continuation of the street, urged that there· was an obvious distinction between roads laid out in the country, and streets laid out or continued in the city or its environs ; in the former instance, allowance had been made by the late proprietors in their grants for the lands, which might probably be occupied by public highways ; but not so in the latter.    Hence the provisions in the act of 6th April 1802, 5 St. Laws, 178, where in the 14th section, it directs how individuals are to be compensated for damage sustained by reason of a public road passing through their land, are unconstitutional, as they militate against the 10th section of the 9th article of the constitution, called the bill of rights.    It is thereby declared, that " no man's property shall be taken or ap" plied to public use, without just compensation being made." A pecuniary equivalent should precede the public appropriation ; and every statute derogatory to the right of property, or *134] that takes away the estate *of a citizen, ought to be construed strictly.    2 Dall. 311, 316.

The section under consideration, instead of giving just compensation for the soil, occupied by the continuation of a street near the city, makes it the duty of the viewers in assessing damages, to take into consideration the advantages arising from

[Willis's Lessee v. Row et al.]

the road, and confines the application of the owner of the land for redress, to the period of one year. The 25th section repeals all former road laws. But the act of 6th April 1802, was in fact repealed, so far as it respected any public road, street, lane or alley, within the township of the Northern Liberties, or the district of Southwark, by the supplement thereto, passed on 3d April 1804. 7 St. Laws, 507. The proceedings under the former act were not revived by the latter, and consequently the decision in the sessions remained unsupported in September 1804.

Messrs. J. Sergeant and Browne, in support of the street, insisted, that the law of 6th April 1802, was strictly constitutional. The jurisdiction of the sessions attached under this act, and the proceedings under it, continued in full force. This was fully admitted in a late case of a road in Bucks county. The power of the sessions was not taken away by the late act of 3d April 1804, but was modified. That law was merely prospective, and by a fair construction, only related to petitions presented after the passing thereof.

The court were of opinion, that the law of 1804, by its express provisions, altered and supplied the law of 1802, as to the public street within the Northern Liberties, and district of Southwark, and that a compensation must be made to the owner of the ground, before the same shall be deemed highways ; but they gave no opinion, whether proceedings in such a case, under the act of 1802, might be carried on under the act of 1804.

The judgment in the sessions was reversed.